```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES                 :

V.                            :      Case No. 3:12-CR-105 (RNC)

NIGEL JONES                   :
```

### RULING AND ORDER

Defendant Nigel Jones has been detained pending trial pursuant to an order issued by Magistrate Judge Martinez (ECF No. 241). After a hearing, Judge Martinez found by clear and convincing evidence that the defendant's release would pose a danger to the community. A motion has been filed seeking reconsideration of the detention order (ECF No. 301), which the court treats as a motion for revocation of the order pursuant to 18 U.S.C. § 3145(b). In support of the motion, the defendant offers no new evidence and relies on the record of the detention hearing conducted by Judge Martinez. He argues that he should be released in light of his close community and family ties, prior gainful employment and no unsatisfied criminal liabilities. The government continues to oppose the defendant's release pending trial. After de novo review, the Court concludes that continued detention is necessary and appropriate for substantially the reasons stated

by Judge Martinez.[1]

The defendant has been indicted along with numerous others for conspiracy to distribute and to possess with intent to distribute narcotics in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846.  Because this offense carries a maximum prison term of ten years or more, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure [the defendant's] appearance."  18 U.S.C. § 3142(e).  See United States v. English. 629 F.3d 311, 319 (2d Cir. 2011) ("[A]n indictment returned by a duly constituted grand jury conclusively establishes the existence of probable cause for the purpose of triggering the rebuttable presumption set forth in § 3142(e).") (quoting United States v. Contreras, 776 F.2d 51, 55 (2d Cir. 1985)).  The defendant concedes that he is subject to the § 3142(e) presumption but contends that he has rebutted the presumption as there are conditions of release that will reasonably ensure his appearance and the safety of the community.

The relevant factors that must be considered are: (1) the nature and circumstances of the offense charged; (2) the

---

[1] Under 18 U.S.C. §3145(b), de novo review is required.  See United States v. Leon, 766 F.2d 77, 80 (2d Cir. 1985).  A second evidentiary hearing need not be held, however, because there no new evidence has been presented.  See United States v. Figueroa, 1999 WL 958629, at *1 (D. Conn. Oct. 15, 1999).

2

weight of the evidence; (3) the history and characteristics of the defendant;[2] and (4) the nature and seriousness of the danger the defendant's release may pose to the community.  18 U.S.C. § 3142(g).  All four factors weigh in favor of detention.

With regard to the first and second factors, the defendant is charged with a narcotics offense that gives rise to the rebuttable presumption under § 3142(e).  At the detention hearing conducted by Judge Martinez, the government proffered evidence of wiretap intercepts of conversations and text messages between the defendant and the lead defendant in the case, reflecting the defendant's involvement in narcotics trafficking.  The government proffered four recorded statements by the defendant relating to the purchase and sale of crack cocaine and cooking powder into crack.  Based on the government's proffer, Judge Martinez observed that the case against the defendant is strong.  I agree.

With regard to the third factor, the defendant does have family and community ties and a history of some gainful employment.  However, he also has a significant criminal

---

[2] This factor requires the court to consider the defendant's "past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether, at the time of the current offense or arrest, [he] was on probation, on parole, or on other release pending trial."  18 U.S.C. § 3142(g).

record and a history of repeatedly committing crimes while on release.[3]  The defendant's history of committing crimes while on release undercuts his claim that he has rebutted the statutory presumption.  The conditions he relies on as sufficient to protect the community have not been adequate to serve that purpose in the past.

With regard to the fourth factor, the Court finds that the defendant's release would pose a danger to the community in the form of new criminal conduct relating to narcotics.  This finding is supported by the defendant's history of committing narcotics-related offenses while on bond or on parole or probation.

Accordingly, the Court hereby finds (1) that the defendant has not rebutted the statutory presumption and (2) that the

---

[3] On December 9, 1998, the defendant was arrested for reckless endangerment in the first degree.  He was released on bond.  On December 19, 1998, he was arrested for carrying a pistol without a permit.  He was again released on bond.  On January 7, 1999, he was arrested for possession of narcotics.  Again he was released on bond. On November 12, 1999, he was arrested for reckless endangerment in the first degree.  The foregoing arrests resulted in convictions and a lengthy sentence of imprisonment.  After serving that sentence, the defendant was discharged to parole in November 2007.  He was soon arrested for possession of marijuana and released on bond.  In March and July 2008, he was arrested for possession of marijuana.  These three arrests resulted in a conviction on August 7, 2008, for possession with intent to distribute, for which the defendant received a one-year prison sentence.  Not long after completing that sentence, the defendant was intercepted on the wiretap, leading to the present indictment.  At the time of his arrest, he was on state probation.

government has shown by clear and convincing evidence that the defendant's release would pose a danger to the community. The defendant's motion (ECF No. 301] is therefore denied.

So ordered this 27th day of December 2012.

/s/ RNC
Robert N. Chatigny
United States District Judge
